UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| John G. Barrett ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | No. 16 CV 50257 |
| ) | Magistrate Judge Iain D. Johnston |
| Nancy A. Berryhill, Acting ) | |
| Commissioner of Social Security,[1] ) | |
| ) | |
|     Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

In early 2008, plaintiff John G. Barrett was struggling with an alcohol addiction. He was 27 years old. Over the next three years, he spiraled downward, losing his job and separating from his wife and son. He lived in his parents' basement. In 2010, his doctor recommended that he be admitted to a local facility for what the doctor described was "acute detoxification." R. 337. Plaintiff underwent several month-long stints at this this facility, but the problem remained. In December 2011, he entered a new facility in Las Vegas, known as the Las Vegas Rescue Mission, and this time the treatment worked. But the stay lasted 13 months. Plaintiff's condition improved "slowly but surely" over this long time as he learned new and healthier coping skills to deal with anxiety and depression, as well as guilt over his brother's suicide in 2000. R. 55. In January 2013, he was released from the Las Vegas facility and returned home to the Rockford area. Since then, he has gone to law school and, importantly and thankfully, refrained from drinking.

This case exists because, in the middle of the 13-month stay (specifically, on August 16, 2012), plaintiff applied for disability benefits claiming permanent disability because of bipolar

---

[1] Nancy A. Berryhill has been substituted for Carolyn W. Colvin. Fed. R. Civ. P. 25(d).

1

disorder and alcohol addiction. His claim was denied initially, and then a hearing was held before an administrative law judge ("ALJ") on September 24, 2014. At this hearing, plaintiff acknowledged that he was amending his application to seek only a closed period of disability, defined as the period from September 1, 2009 through January 7, 2013 (the date he was released from the Las Vegas facility). In other words, as a result of the Las Vegas treatment, plaintiff and his attorney no longer believed he could qualify as disabled going forward.

On January 14, 2015, the ALJ issued a 17-page decision finding plaintiff not disabled. The ALJ concluded that plaintiff could not qualify for a mental health listing. As part of this analysis, the ALJ considered whether plaintiff had "episodes of decompensation," but found that his various hospital stays and rehabilitation stints did not qualify as episodes because they were each "predicated by a relapse of alcohol" and each time plaintiff "was primarily treated for alcoholism." R. 15. The ALJ observed that the medical records indicated that alcohol was plaintiff's primary problem; bipolar disorder received less attention. R. 15-16.

In this appeal, plaintiff complains that the ALJ repeatedly referred in the decision to the prominent role that alcohol played in plaintiff's problems and that the ALJ, therefore, was implicitly relying on the statutory provision that a claimant cannot be found disabled "if alcoholism or drug addiction would . . . be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. § 423(d)(2)(C). Plaintiff does not argue that this provision is not relevant, but instead argues instead that the ALJ failed to *explicitly* make a materiality determination under this provision.

This Court agrees with plaintiff that the ALJ essentially relied on a finding of materiality under this provision, even though she did not do so explicitly. But unlike plaintiff, this Court

concludes that there was substantial evidence to support the finding that alcohol played a material role in plaintiff's problems during the closed period.

Social Security Regulation 13-2p states that the "key factor" in determining whether alcohol addiction was a material contributing factor is "whether we would still find the claimant disabled if he or she stopped using drugs or alcohol." SSR 13-2p; *see also Kangail v. Barnhart*, 454 F.3d 627, 628 (7th Cir. 2006) ("When an applicant for disability benefits both has a potentially disabling illness and is a substance abuser, the issue for the administrative law judge is whether, were the applicant not a substance abuser, she would still be disabled"). SSR 13-2p further states that the best way to answer this question is to look for a "period of abstinence" and then ask whether the claimant's symptoms improved during that period such that plaintiff would no longer be considered disabled. If so, then alcohol was a material factor, and the claimant may not be found disabled.[2] In many cases, this inquiry is not easy because there are no such periods available or they are too murky or too short.[3] In such situations, the ALJ and the medical experts must make a prediction as to how the claimant would function *if* the claimant *became* sober. SSR 13-2p states the following in this regard: "We do not know of any research data that we can use to predict reliably that any given claimant's co-occurring mental disorder would improve, or the extent to which it would improve, if the claimant were to stop using drugs of alcohol."

Fortunately, in this case, many of these difficulties are not present because plaintiff's extended period of sobriety after the Las Vegas stay provides a clear-cut, before-and-after point of comparison. After being released from this facility in January 2013 and up until the date of the filing of his reply brief on February 17, 2017, plaintiff has remained sober and functional.

---

[2] SSR 13-2p recognizes that the "acute and toxic effects of substance use" may take, in some cases, "months or even longer to subside."

[3] Indeed, even when these types of periods exist, the process is not necessarily simple. Often, determining the cause and effect of co-dependency is a complicated "chicken-or-the-egg" riddle. *See, e.g. Lewis v. Colvin*, 14 CV 50195, 2016 U.S. Dist. LEXIS 115969, *11 n. 3 (N.D. Ill. Aug. 30, 2016).

During this four-year period, he worked for his father's law firm, then went to law school full-time (while still occasionally helping out at his father's law firm), and began living a functional and stable life without any noticeable problems. He has not reported any relapses or incidents that would even arguably qualify as an episode of decompensation whereas, during the closed period when he was abusing alcohol, he claimed to have "decompensated repeatedly." Dkt. #11 at 1. He testified that he now does not take any medication for bipolar disorder or for any other psychiatric illness. R. 67. He does see Dr. Garcia, but only goes once every three months. R. 68. In the opening paragraph of his reply brief, plaintiff describes his current condition in the following unequivocally positive terms: "Today, John Barrett is rehabilitated, attending law school, and no longer abusing substances." Dkt. #11 at 1. This statement is, of course, good news for plaintiff and a testament to his perseverance, and should be commended. But at the same time, it shows that alcohol played a material role in his earlier problems.

    The Court acknowledges that plaintiff relies heavily on the opinion letters from his treating physician, Dr. Garcia, a psychiatrist, who described plaintiff's bipolar disorder as his "primary" problem and his alcohol addiction as a "secondary" disorder. R. 482. But Dr. Garcia's letters do not change this basic analysis. As an initial matter, his conclusion is contrary to the bulk of the evidence. Plaintiff's medical records and his self-reports, as well as the report of his father, all continuously refer to alcohol as the central problem, and there is little focus on bipolar disorder. For example, a report from the Las Vegas facility states that plaintiff "has a profound alcohol problem" that should be "prioritized." R. 303. This report does not focus on bipolar disorder, and this Court could find no evidence suggesting that plaintiff received any specific treatment for bipolar disorder during this 13-month stay. In his function report, plaintiff described his condition as follows: "I am an alcoholic. My addiction impairs my ability to obtain

4

a job[.]" R. 261. At the end of this statement, plaintiff mentioned bipolar disorder but only described it as a factor "further complicating" his addiction. *Id.* In short, contrary to Dr. Garcia's description, plaintiff viewed alcohol as the primary problem, not the other way around. Similarly, in a third-party report, plaintiff's father stated the following: "John's addiction completely impairs his ability to work. He attempted to try and work in my office but his alcohol addiction interfered with his ability to work or come to work." R. 246. Plaintiff's father did not mention any psychiatric illnesses in his 8-page report, but he did repeatedly refer to alcoholism. In 2010, Dr. Reith likewise identified alcoholism as the chief problem. *See, e.g.* R. 338 ("Alcohol withdrawal syndrome"); R. 340 (recommending "Alcohol detoxification").

But even if the Court were to accept Dr. Garcia's apparent claim that bipolar disorder was the primary problem during the closed period, the fact remains that Dr. Garcia also stated in this same letter that, after the Las Vegas stay in which plaintiff stopped using alcohol, plaintiff became "psychiatrically stable and sober" and was "functioning well" and was also "gainfully employed." R. 482. In other words, Dr. Garcia agreed that plaintiff was able to cope, to function adequately, and to work even though he still had (according to Dr. Garcia) bipolar disorder. Based on SSR 13-2p, this conclusion logically means that the alcohol addiction played a material role in plaintiff's earlier problems during the closed period. In sum, the Court finds that the ALJ was correct to find plaintiff not disabled during the closed period.

For all the above the reasons, plaintiff's motion for summary judgment is denied, the government's motion is granted, and the decision of the ALJ is affirmed on the basis stated herein.

Date: July 25, 2017      By: _____
                                                     Iain D. Johnston
                                                     United States Magistrate Judge